UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Timothy Randolph Fletcher, | ) | C/A No. 2:24-cv-01384-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Facebook, Inc., Meta Platforms, Inc., Numerous Unknown Facebook Employees, Numerous Unknown Meta Platforms Employees, Numerous Unknown US Government Employees, Numerous Unknown Non-Governmental Organizations, and Numerous Unknown Co-Conspirators, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding pro se, filed this action alleging various civil rights violations. ECF No. 17. Before the Court is Plaintiff's Motion to Transfer the case to the Northern District of California. ECF No. 33. Defendant Meta Platforms, Inc. ("Meta") filed a Response, indicating no opposition to transferring the case.[1] ECF No. 36. The Motion is ripe for review.[2]

**BACKGROUND**

Plaintiff filed suit claiming several civil rights violations stemming from the removal of his Facebook account in 2021. ECF No. 17 at ¶¶ 15–35. Plaintiff indicates that he depended on access to the Facebook platform as a public forum, as he has been hearing-impaired since

---

[1] Meta also filed a Motion to Dismiss, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction, among other reasons. ECF No. 26.

[2] All pretrial proceedings in this case were referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2), D.S.C. This Report and Recommendation is entered for review by the District Judge.

1

childhood and has diminishing eyesight. *Id.* at ¶¶ 16–19. Plaintiff asserts that his ability to communicate with others, including his "family, friends, fellow church members, society in general, and members of his age group," depended on his access to the Facebook platform. *Id.* at ¶ 21.

Plaintiff claims his access to the Facebook platform and his personal account was terminated on or about March 24, 2021, which has since isolated him from others. *Id.* at ¶¶ 1, 23. He alleges that "Facebook, Inc. – now Meta Platforms, Inc. – has established one or more programs, policies, and/or procedures to SOLICIT complaints from users who disagree with the posts of other users[,]" and "utilizes solicited complaints to justify the termination of accounts that are subjectively and NOT IN GOOD FAITH determined to be 'Objectionable.'" *Id.* at ¶¶ 32–33. Plaintiff also cites that Mark Zuckerberg, "Founder, CEO, and Chairman of Meta" acknowledged in an August 2024 letter "that federal employees pressured Facebook employees to censor speech posted on the platform." *Id.* at ¶ 48. Plaintiff goes on to refer to programs, schemes, and policies developed in coordination with U.S. government employees to "suppress undesired dissent" that led to the termination of his Facebook account. *Id.* at ¶¶ 51, 67.

Plaintiff notes that he is writing a book and is restrained from advertising on the Facebook platform, making him unable to advertise to the book's targeted age group, as he asserts Defendant Meta "has a monopoly of over 80% of senior citizens who use social media on the internet." *Id.* at ¶¶ 26–28. Plaintiff, who "has always been thankful for the Facebook platform which enabled [him] to participate in the public forum" and interact with others, asserts that Defendants are responsible for his isolation through a taking of access directed by United States government employees. *Id.* at ¶¶ 22, 24–25.

Plaintiff alleges: (1) "Deprivation of Free Speech in a Public Forum;" (2) "Violation of The Americans with Disabilities Act;" and (3) "Civil Action for Deprivation of Rights AND Conspiracy Against Constitutional Rights." *Id.* at 4–9.

## **LEGAL STANDARD**

Under 28 U.S.C. § 1406(a), district courts are to dismiss a case filed in an improper venue, or, if in the interest of justice, to transfer the case to an appropriate district. Venue in civil actions is generally governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in section 1391, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The decision whether to transfer or dismiss a case under § 1406(a) is committed to the sound discretion of the district court. *Jarrett v. North Carolina*, 868 F. Supp. 155, 159 (D.S.C. 1994). "Because federal district courts are vested with the inherent power to control and protect the administration of court proceedings, the district court has the power to consider sua sponte whether venue is proper." *Strong v. United States*, No. 8:24-CV-4935-RMG, 2024 WL 4891234, at *2 (D.S.C. Nov. 26, 2024) (internal citations omitted) (citing *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986); *Harmon v. Sussex Cnty.*, C/A No. 4:17-cv-2931-RBH-TER, 2017 WL 6506396, at *1 (D.S.C. Nov. 13, 2017), *report and recommendation adopted*, No. 4:17-cv-02931-RBH, 2017 WL 6498165 (D.S.C. Dec. 19, 2017)).

3

**DISCUSSION**

Plaintiff moves to transfer this case to the United States District Court for the Northern District of California, if the Court determines it lacks personal jurisdiction over Defendant Meta.[3] ECF No. 33. Though arguing dismissal is appropriate, "Meta does not oppose the alternative relief of transfer to the U.S. District Court for the Northern District of California should the Court deem it appropriate." ECF No. 36 at 1.

I.   **Propriety of Current Venue**

Venue is proper in a judicial district where any defendant resides, if all defendants are residents of the same state, or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or the property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(1), (2). If neither option provides a proper venue, then venue may lie any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. *Id.* at § 1391(b)(3).

A.   Defendant Meta's Residency: § 1391(b)(1)[4]

Venue under section 1391(b)(1) requires a determination of the defendant's residency. Under § 1391(c)(2), the residency of an entity with the capacity to sue and be sued is "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.*; *Informaxion Sols., Inc. v. Vantus Grp.*, No. 2:15-CV-290-PMD,

---

[3] Defendant Meta's Motion to Dismiss for lack of personal jurisdiction, ECF No. 26, preceded Plaintiff's Motion to Transfer. ECF No. 33.

[4] Plaintiff has named Facebook, Inc., as a defendant; however, Facebook, Inc. is not a separate entity from Meta Platforms, Inc. ECF No. 26-2 at 1 n.1. Facebook, Inc. changed its name to Meta Platforms, Inc. in October 2021. *Id.* (citing Form 8-K filed by Meta Platforms). The remaining Defendants in this action have not been served, they are not identified, and Plaintiff indicates their addresses are unknown. *See* ECF No. 17 at 1. Plaintiff has not made any argument that the remaining Defendants reside in South Carolina.

2015 WL 7184562, at *3 (D.S.C. Nov. 10, 2015) ("For purposes of venue, a defendant entity resides 'in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.'" (quoting § 1391(c)(2))); *Elec. Buffalo, LLC v. Kuhmute, Inc.*, No. 2:21-CV-02764-DCN, 2021 WL 5597860, at *6 (D.S.C. Nov. 30, 2021) (deeming corporation to reside in South Carolina "for the limited purposes of § 1391" because the corporation is subject to personal jurisdiction in the State with respect to the action).

Meta's residency, for purposes of venue, is determined by assessing whether this Court has general or specific personal jurisdiction over Meta in this forum. *See ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2022); *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623–24 (4th Cir. 1997).

1. *General Jurisdiction*

General jurisdiction for a corporation exists in a place "in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014) (explaining that the inquiry under *Goodyear* is whether the corporation's "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State"). Thus, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction" for corporations. *Daimler*, 571 U.S. at 137 (citation and internal quotation marks omitted).

Defendant Meta is incorporated in Delaware and has a principal place of business in Menlo Park, California. *See* ECF No. 17 at 1.; *see also Romero v. Meta Platforms, Inc.*, No. 7:23-CV-3306-TMC-KFM, 2024 WL 1554826, at *1 (D.S.C. Mar. 14, 2024) ("Meta is a Delaware corporation, with a principal place of business in Menlo Park, California."), *report and recommendation adopted*, No. 7:23-CV-3306-TMC, 2024 WL 3466403 (D.S.C. July 19,

5

2024), *aff'd*, No. 24-1729, 2024 WL 5200156 (4th Cir. Dec. 23, 2024). Plaintiff appears to recognize that Meta is headquartered in California, having served Defendant Meta at its headquarters in Menlo Park, *see* ECF No. 14, and his Amended Complaint does not assert any other basis for recognizing South Carolina as a place where Defendant Meta is "at home." *See Goodyear*, 564 U.S. at 924; *see also Black Magic, LLC v. Hartford Fin. Servs. Grp., Inc.*, No. 2:20-CV-1743-BHH, 2021 WL 964969, at *4 (D.S.C. Mar. 15, 2021) (finding no general jurisdiction where defendants were not incorporated in South Carolina, did not maintain their principal places of business in South Carolina, and there was no showing of such continuous and systematic contacts with South Carolina as to render them essentially at home in the State).

    2. *Specific Jurisdiction*

Nor does specific jurisdiction lie in South Carolina. "To determine whether specific jurisdiction lies in the forum state, [a court] consider[s] (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016) (citation and internal quotation marks omitted). The touchstone of the purposeful availment inquiry is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The defendant's contacts must be by its own choice and not "random, isolated, or fortuitous." *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984); *ESAB Grp.*, 126 F.3d at 625 ("[D]efendant's actions must be directed at the forum state in more than a random, fortuitous, or attenuated way.").

Plaintiff's Amended Complaint does not allege facts that indicate Defendant Meta purposefully availed itself of a connection to South Carolina. Though attenuated, the allegations in Plaintiff's Amended Complaint seem to assert that because Plaintiff resides in South Carolina, and as such, accessed his Facebook account within the state, the events giving rise to his claims necessarily took place in the state; constituting sufficient contacts by Meta with the state. *See generally* ECF No. 17. These allegations are insufficient to establish specific personal jurisdiction over Defendant Meta.

Plaintiff has not alleged, and there is no evidence, that Defendant Meta "directed electronic activity into South Carolina by targeting that state in particular." *Romero*, 2024 WL 1554826, at *4; *see also ALS Scan*, 293 F.3d at 715 (finding no jurisdiction in Maryland in part because the defendant "did not direct its electronic activity specifically at any target in Maryland"); *Conrad v. Benson*, C/A No. 9:20-cv-1811-RMG, 2020 WL 4754332, at *4 (D.S.C. Aug. 14, 2020) (finding no specific jurisdiction when the defendant operated a website that was "accessible to all but targeted at no one in particular"). That Facebook is available to users in South Carolina is not sufficient alone to support the exercise of personal jurisdiction over Meta. *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 143 (4th Cir. 2020) ("The general availability of the website to South Carolina residents thus does not create the substantial connection to South Carolina necessary to support the exercise of jurisdiction.").

Under these circumstances, Defendant Meta is not a resident of South Carolina, such that venue is not appropriate in this Court under 28 U.S.C. § 1391(b)(1).

B. Substantial Part of the Events Giving Rise to the Claim: § 1391(b)(2)

Because Defendant Meta is not a resident of South Carolina, venue will be proper in this District "only if a *substantial part of the events* giving rise to Plaintiff's claims . . . occurred in

7

South Carolina, or if a *substantial part of property* that is the subject of the action is situated in South Carolina." *Flexible Techs., Inc. v. SharkNinja Operating LLC*, No. 8:17-CV-00117-DCC-JDA, 2018 WL 1175043, at *5 (D.S.C. Feb. 14, 2018) (citing § 1391(b)(2)), *report and recommendation adopted*, No. 8:17-CV-00117-DCC, 2018 WL 1158425 (D.S.C. Mar. 5, 2018). "The test for determining venue [under § 1391(b)] is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Id.* (alteration in original) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)).

The claims in Plaintiff's Amended Complaint are based on the alleged termination of Plaintiff's Facebook account. *See generally* ECF No. 17. Specifically, Plaintiff alleges that Facebook, now Meta, established policies, programs, and procedures that solicited complaints, and then improperly terminated the accounts of users with certain complaints. *Id.* at ¶¶ 32–33. Plaintiff refers to actions by Facebook, Meta, and government employees intended to "suppress undesired dissent," leading to the termination of his Facebook account. *Id.* at ¶¶ 51, 67.

Plaintiff's Amended Complaint alleges "[a]ll acts necessary or precedent to the bringing of this lawsuit occurred or accrued in South Carolina." *Id.* at ¶ 13. However, Plaintiff's description of events in his Amended Complaint do not support this assertion. Plaintiff's Amended Complaint describes actions taken by Meta employees in California with an effect in South Carolina, *see generally id.*, but this does not mean the actions themselves *occurred* in South Carolina. *See Kidstar v. Facebook, Inc.*, No. 2:18-CV-13558, 2020 WL 4382279, at *4 n.7 (D.N.J. July 31, 2020) (unpublished opinion) ("[V]enue would also be proper under § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of California, given that the crux of Plaintiff's claim is that '[i]n or about September 2016, an error

of Defendants caused his Facebook Page to be disabled,' which would have been effectuated by Facebook's employees at its headquarters in California." (citing *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 834 (S.D.N.Y. 2012) ("Venue is proper, inter alia, in 'a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .' The Northern District of California would be such a district in this action because the nub of [Plaintiff]'s claim is that Facebook wrongfully disabled his account and the employees responsible for disabling accounts work at Facebook's headquarters in Palo Alto, California which is in the Northern District of California." (internal citation omitted)))).

Here, Plaintiff's allegations indicate that the substantial part of events forming the basis for his Amended Complaint took place in Menlo Park, California, where Defendant Meta's employees would have allegedly improperly disabled his Facebook account. Menlo Park is located in the Northern District of California. *See* United States District Court for the Northern District of California, Jurisdiction Map, https://www.cand.uscourts.gov/about/jurisdiction-map/ (last visited February 13, 2025).[5] Plaintiff has not provided any allegations or evidence to support or show that a substantial part of the events giving rise to his claims occurred in South Carolina. Accordingly, this District is not the proper venue for Plaintiff's claims.

## II.    Dismissal or Transfer

"When a plaintiff files an action in the wrong venue, 28 U.S.C. § 1406(a) directs courts to 'dismiss, or if it be in the interest of justice, transfer such case' to the proper venue." *Levi v. Harris Teeter, LLC*, C/A No. 4:16-cv-1083-RBH-TER, 2016 WL 4942057, at *2 (D.S.C. Aug. 25,

---

[5] This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. S.C. Highway Patrol*, No. 0:09-1009-HFF-PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 4185869, at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

2016), *report and recommendation adopted*, No. 4:16-CV-01083-RBH, 2016 WL 4911047 (D.S.C. Sept. 15, 2016); *see also Informaxion Sols.*, 2015 WL 7184562, at *3 (citing *Capital Bank Int'l Ltd. v. Citigroup, Inc.*, 276 F.Supp.2d 72, 78 (D.D.C. 2003) (finding transfer rather than a dismissal was in the interest of justice when the defendants were not subject to personal jurisdiction in the transferor district, a transfer would save the parties the time and expense of refiling the lawsuit, and the requirements of venue and personal jurisdiction apparently would be satisfied in the transferee district)). "The 'interest of justice' requires removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Levi*, 2016 WL 4942057, at *2 (internal quotation marks omitted) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)).

The undersigned finds that the interests of justice weigh in favor of transferring this case to the Northern District of California, as a transfer would save the parties the time and expense of refiling the lawsuit. Moreover, the requirements of venue and personal jurisdiction apparently would be satisfied in the Northern District of California, because Meta is a resident of and a substantial part of events giving rise to the claims in this lawsuit occurred in Menlo Park, California, which is in the Northern District of California. *See* 28 U.S.C. § 1391(b)(1), (2).

Both parties have consented to transfer this case to the Northern District of California, *see* ECF Nos. 33 & 36, and it is reasonable to expect the transferee court would be familiar with the applicable law. Because the aforementioned factors weigh in favor of transfer and, in the absence of countervailing considerations, the undersigned finds that transfer of this action to the United States District Court for the Northern District of California is appropriate.

Accordingly, the undersigned recommends that Plaintiff's Motion to Transfer be granted.[6]

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Motion to Transfer (ECF No. 33) be **GRANTED**, and that this action be transferred to the United States District Court for the Northern District of California.

**IT IS SO RECOMMENDED**.

The parties are referred to the Notice Page attached hereto.

February 13, 2025  
Charleston, South Carolina

Molly H. Cherry  
United States Magistrate Judge

---

[6] In light of the recommendation, the undersigned declines to address Defendant Meta's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 26) and Plaintiff's Second Motion to Amend his Complaint (ECF No. 35), leaving these motions for decision by the transferee court.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).